UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE AGUILAR,

      Petitioner,

v.                                     CASE NO. 6:07-cv-101-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

### ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 6).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 12).  Petitioner filed a reply to the response (Doc. No. 16).

Petitioner alleges eleven claims for relief in his habeas petition: (1) trial counsel rendered ineffective assistance by failing to prepare for trial; (2) trial counsel rendered ineffective assistance by failing to interview and call Petitioner's co-defendants to testify; (3) trial counsel rendered ineffective assistance by failing to file a pretrial motion to dismiss the charges; (4) trial counsel rendered ineffective assistance by advising Petitioner to reject the plea offer; (5) trial counsel rendered ineffective assistance by failing to properly object

to the admission of transcripts of telephone conversations; (6) trial counsel rendered ineffective assistance by failing to object to prosecutorial misconduct; (7) trial counsel rendered ineffective assistance by failing to file a motion to dismiss the charges based on entrapment; (8) the trial court lacked jurisdiction to convict Petitioner on the charge of conspiracy; (9) the trial court erred in denying Petitioner's motion for judgment of acquittal; (10) the evidence is insufficient to support Petitioner's conviction for trafficking; and (11) the trial court erred in admitting into evidence transcripts of telephone conversations.

## I.      Procedural History

Petitioner was charged with two co-defendants of trafficking in 400 grams or more of cocaine (count one) and conspiracy to traffic in 400 grams or more of cocaine (count two).  A jury trial was conducted, and Petitioner was found guilty as charged.  The trial court sentenced Petitioner to a twenty-five year term of imprisonment on each count, to run concurrently.  Petitioner appealed, and the Fifth District Court of Appeal of Florida *per curiam* affirmed.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  The state trial court denied relief.  Petitioner appealed, and the appellate court *per curiam* affirmed.

## II.     Legal Standards

### A.      Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a

claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.      Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

### A. Claims One and Five

Petitioner asserts that trial counsel rendered ineffective assistance by failing to prepare for trial (claim one). In support of this claim, he contends that counsel failed to have recorded telephone conversations, purportedly between Petitioner and a confidential informant regarding the delivery and sale of cocaine, translated from Spanish to English

5

and transcribed.  Petitioner maintains that counsel was unable to challenge the content of transcripts of the telephone conversations admitted at trial because she did not have them translated and transcribed.  Similarly, Petitioner asserts that trial counsel rendered ineffective assistance by failing to properly object to the admission of transcripts of telephone conversations (claim five).  In support of this claim, Petitioner maintains that counsel failed to object to the State's failure to have the audio tapes translated by a certified interpreter to insure the accuracy of the transcripts.

Petitioner raised these claims in his Rule 3.850 motion.  The state court denied relief on claim one, concluding that Petitioner's allegation was conclusory and did not warrant relief. (App. D at 60-62.)  The state court also denied relief as to claim five pursuant to *Strickland.  Id.* at 66-70.  The state court reasoned that even if counsel had objected to the State's failure to have the tapes translated by a certified interpreter and failed to ascertain the accuracy of the translation, Petitioner could not establish that he was prejudiced by counsel's failure to do so in light of the testimony of police officers and the confidential informant.  *Id.*

Respondents assert that claim one is procedurally barred.  Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it

appears that–

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (I)    there is an absence of available State corrective process; or

            (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

In the instant case, the state court's rejection of this claim as conclusory bars this Court's consideration of the claim.  A finding by a state court that a claim is conclusory constitutes an adequate and independent state ground precluding consideration of the claim.  *See, e.g, Dennis v. McDonough*, Case No. 3:04-cv-348, 2006 WL 3246611 at *11-*12 (M.D. Fla. Nov. 8, 2006).  Therefore, Petitioner failed to properly assert the instant claim in state court, and such a claim is now time-barred.  *See* Fla. R. Crim. P. 3.850(b) (barring consideration of Rule 3.850 motions "filed more than 2 years after the judgment and sentence [became] final in a noncapital case").  Thus, this Court must deny this claim as procedurally barred unless Petitioner establishes one of the two exceptions to the procedural default bar.

First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default."  *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).  The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent."  *Id.*  In the present case, Petitioner has not shown either cause or prejudice that would excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception.  A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, claim one is procedurally barred.

Alternatively, even if this Court were to consider the merits of claim one, it, like

claim five, would be deemed meritless.  The record establishes that at trial the transcripts of various telephone conversations purportedly between Petitioner and a confidential informant were read to the jury.  The telephone conversations were in Spanish and prior to trial the prosecution had the tapes translated and transcribed.  The confidential informant testified at trial that the transcripts accurately reflected the taped conversations.  *See* App. B at 35-36, 68, 72.  It is not necessary for the Court to determine whether counsel was deficient for failing to have the tapes translated and transcribed or to object to the translation and accuracy of the translation because the transcripts of the purported conversations between Petitioner and the confidential informant were not inculpatory nor incriminating.[3]  In fact, defense counsel raised this point during her cross-examination of the confidential informant.  *See* App. B at 104. Moreover, at trial the confidential informant testified that Petitioner and a supplier arranged to transport three kilograms of cocaine from Texas to Florida to sell to the confidential informant, that Petitioner traveled to Florida, and Petitioner met the informant along with Petitioner's two co-defendants in a storage unit where approximately three kilos of cocaine were removed from the battery of the vehicle in which Petitioner and his co-defendants arrived.  Thus, the jury heard sufficient evidence demonstrating Petitioner's guilt, and the transcribed telephone conversations were not incriminating.  Petitioner has not demonstrated he was prejudiced

---

[3]The only potentially incriminating statement made during the taped conversations was that Petitioner would be bringing "three ships" with him. (App. B at 73-74.) However, no testimony was provided establishing that the term "ships" was another word for kilograms.

by counsel's failure to have the tapes translated and transcribed or to properly object to the translation and accuracy of the translation.  Accordingly, claim one is procedurally barred and otherwise without merit and claim five is denied pursuant to § 2254(d).

      **B.**    *Claim Two*

    Petitioner asserts that trial counsel rendered ineffective assistance by failing to interview and call his co-defendants to testify.  Petitioner maintains that his co-defendants could have testified that he did not know that they actually had the drugs in the vehicle.  As such, he contends that their testimony would have disproved the elements of actual or constructive possession necessary to prove the offense of trafficking.

    Petitioner raised this claim in his Rule 3.850 motion.  Applying *Strickland*, the state court denied relief.  (App. D at 62-63.)  The state court noted that Petitioner's co-defendants failed to appear for their trial in March of 2003, and remained in capias status, and therefore, were not available to testify at Petitioner's trial in May of 2003.  *Id.* at 63.  The state court further determined that even if Petitioner's co-defendants had been available, they were represented by counsel and Petitioner's counsel would not have been able to speak with them nor would counsel have been able to force them to testify given their Fifth Amendment right to remain silent.  *Id.*  The state court concluded, therefore, that Petitioner failed to establish either deficient performance or prejudice.  *Id.*

    "'[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not

sustain an ineffective assistance claim.'" *Daniels v. McDonough*, 2006 WL 2620143, at *10 (M.D. Fla. 2006) (quoting *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)). As such, "to successfully assert that trial counsel should have called a witness, a petitioner must first make a sufficient factual showing substantiating the proposed witness testimony." *Daniels*, 2006 WL 2620143, at *10 (citing *United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984)). Evidence sufficient to meet this showing includes sworn affidavits from the potential witnesses stating what testimony they would have provided. *Daniels*, 2006 WL 2620143, at *10. "In the absence of the necessary factual showing, Petitioner's mere conclusory allegations are insufficient to warrant finding that trial counsel was ineffective for failing to call these witnesses to testify." *Id.* (citation omitted). Moreover, for purposes of the *Strickland* analysis, "'the absence of exculpatory witness testimony from a defense is more likely prejudicial when a conviction is based on little record evidence of guilt.'" *Brower v. Secretary for Dept. of Corr.*, 137 Fed. Appx. 260, 266, (11th Cir. 2005) (quoting *Fortenberry v. Haley*, 297 F.3d 1213, 1228 (11th Cir. 2002)).

In the instant case, Petitioner failed to provide any evidence substantiating what testimony his co-defendants could or would have offered. Thus, Petitioner's conclusory allegation that his co-defendants would have testified that he did not know that the drugs were in the vehicle does not support a finding of ineffective assistance of counsel. Moreover, the record reflects that the jury heard testimony from a confidential informant that Petitioner and a supplier in Texas agreed to sell cocaine and transport the cocaine to the confidential informant in Florida, that Petitioner came to Orlando to complete the

transaction, and that Petitioner and his two co-defendants met the confidential informant at a storage facility at which time one of Petitioner's co-defendants removed approximately three kilos of cocaine from the battery in the vehicle. The confidential informant testified that Petitioner was present when the drugs were removed from the vehicle. Finally, Petitioner has not demonstrated that his co-defendants were available to testify at his trial or that they could have been required to testify if they had been available to do so. As such, Petitioner has not established either that counsel was deficient for failing to call his co-defendants to testify or that he was prejudiced by trial counsel's performance. Thus, the state court's determination is neither contrary to nor an objectively unreasonable application of federal law. Accordingly, this claim is denied pursuant to § 2254(d).

    *C.*    *Claim Three*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to file a pretrial motion to dismiss the charges against him. Specifically, he maintains that counsel should have moved to dismiss the charges because Petitioner's mere proximity to the cocaine did not constitute actual or constructive possession of the drugs given that he was in the storage facility with other people and he did not control either the room or the contents of the room.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (App. D at 63-64). The court reasoned that the State sought to prove Petitioner's guilt of the charge of trafficking as a principal and not based on constructive possession. *Id.* at 64. The court determined that the evidence established that Petitioner

was a principal to the attempted delivery of cocaine. *Id.* The court concluded, therefore, that counsel was not deficient for failing to move to dismiss the charge of trafficking and Petitioner was not prejudiced by counsel's failure to do so as such a motion would have been denied. *Id.*

The record supports the state court's determination. The evidence presented at trial demonstrated that Petitioner arranged for the delivery of cocaine to the confidential informant, delivered the cocaine to the confidential informant along with his co-defendant, and was aware that the drugs were hidden in the vehicle. The evidence, therefore, was sufficient to establish that Petitioner was a principal to the offense of trafficking cocaine. *See* § 777.011, Fla. Stat. (2002)[4]; *see also Christie v. State*, 652 So. 2d 932, 934 (Fla. 4th DCA 1995). Accordingly, this claim is denied pursuant to § 2254(d).

### D.    Claim Four

Petitioner asserts that trial counsel rendered ineffective assistance by advising him to reject the State's plea offer of a fifteen-year term of imprisonment in return for a plea of guilty as charged. In support of this claim, Petitioner maintains that counsel advised him to proceed to trial and he would be acquitted based on the weakness of the State's case. Petitioner contends that he was prejudiced by counsel's advice to reject the plea offer as he

---

[4]"Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense." § 777.011, Fla. Stat. (2002).

received a greater sentence than he would have received had he accepted the plea offer.

Petitioner raised this claim in his Rule 3.850 motion.  Applying *Strickland*, the state court denied relief.[5]  (App. D at 64-66.)  The state court determined that a claim that merely alleges that counsel improperly advised the defendant to reject a plea offer does not warrant relief.  *Id.* at 65.  The state court reasoned that counsel's advice of whether to accept a plea or proceed to trial is a strategic decision which cannot be evaluated by the objective reasonableness standard enunciated in *Strickland*.  *Id.* at 65 (quoting *Gonzales v. State*, 691 So. 2d 602 (Fla. 4th DCA 1997)).

Pursuant to *Strickland*, federal courts have held that "the Sixth Amendment right to effective assistance of counsel extends to assistance rendered when deciding whether to reject a plea offer."  *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir. 1991)); *see also Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003)*; Purdy v. United States*, 208 F.3d 41 (2d Cir. 2000); *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).  "As part of this advice, counsel must communicate to the defendant the terms of the plea offer, . . . and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed. . . ."  *Purdy*, 208 F.3d at 45 (citations omitted). However, "the ultimate decision whether to plead guilty must be made by the defendant." *Id.* (citing Model Rules of Professional Conduct Rule 1.2(a) (1995)).

---

[5]The state court noted that the State conceded that Petitioner was offered a fifteen-year plea offer.  (App. D at 64.)

Counsel's determination "as to how best to advise a client in order to avoid, on the one hand, failing to give advice and, on the other, coercing a plea enjoys a wide range of reasonableness because '[r]epresentation is an art,' . . . and '[t]here are countless ways to provide effective assistance in any given case, . . .'"   *Id.* (citations omitted) (quoting *Strickland*, 466 U.S. at 689, 693).  Factors to be considered in determining the reasonableness of counsel's advice to reject a plea offer include:

> [1] the defendant's chances of prevailing at trial, [2] the likely disparity in sentencing after a full trial as compared to a guilty plea (whether or not accompanied by an agreement with the government), [3] whether the defendant has maintained his innocence, and [4] the defendant's comprehension of the various factors that will inform his plea decision.

*Id.*

Even if counsel's advice to reject the plea was objectively unreasonable, however, Petitioner still must demonstrate that "but for his attorney's errors, he would have accepted the plea offer. . . ."  *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991).  In *Diaz*, the Court concluded that the petitioner failed to establish he was prejudiced by counsel's alleged advice to reject the plea offer.  *Id.*  In so ruling, the Court noted:

> [The petitioner] does not allege that but for his attorney's errors, he would have accepted the plea offer; he cites no evidence to indicate that prior to his conviction he expressed any desire to plead guilty.  *He argues only that he would have received a lesser sentence had he accepted the plea agreement.*  However, the Supreme Court has recognized that "[j]udicial scrutiny of counsel's performance must be highly deferential," and that courts should ensure that "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

*Id.* (citation omitted) emphasis added.  As such, the *Diaz* Court concluded that because the

petitioner was aware of the plea offer, "his after the fact testimony concerning his desire to plead, without more, [was] insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer."  *Id*. (citing *Johnson v. Duckworth*, 793 F.2d 898, 902 n.3 (7th Cir. 1986)).

Like *Diaz*, Petitioner in the instant action was aware of the plea offer.  Moreover, like the facts in *Diaz*, Petitioner has not alleged that but for his attorney's errors, he would have accepted the plea offer nor has he cited any evidence to demonstrate that prior to his conviction he expressed any desire to plead guilty.  *See* Doc. No. 6-2 at 9-10.  Instead, Petitioner merely asserts that he would have received a lesser sentence had he accepted the plea offer.  *Id*. at 9.  Accordingly, pursuant to *Diaz*, the Court concludes that the state court's denial of this claim was neither contrary to nor an unreasonable application of federal law, and the claim is denied pursuant to § 2254(d).

E.      *Claim Six*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to object to the prosecution's bolstering of the credibility of the confidential informant.  Specifically, Petitioner maintains that counsel failed to object to the prosecution asking leading questions when examining the confidential informant.  Petitioner further contends that counsel failed to object to the prosecutor asking one of the officers about the confidential informant being truthful, cooperative, and compliant during the investigation.  Finally, Petitioner maintains that the prosecution improperly stated during closing argument that the confidential informant testified truthfully.

16

Petitioner raised this claim in his Rule 3.850 motion.  Applying *Strickland*, the state court denied relief.  (App. D at 70-74.)  With respect to the prosecutor's questions to one of the police officers regarding the confidential informant, the state court determined that (1) an objection to these questions likely would have been overruled because the questions were relevant to the issue of whether the confidential informant complied with the substantial assistance agreement, (2) some of the questions were in response to questions asked by the defense on the cross-examination of the confidential informant, and (3) some of the questions were otherwise cumulative of testimony that had already been given by the confidential informant.  *Id.* at 73-74.  As to the prosecution's statement during closing argument, the state court determined that the statement was a "fair response to defense counsel's closing argument to the jury that they should not convict on the say-so of an admitted liar, [the confidential informant]."  *Id.* at 74.

"To warrant reversal of a verdict[,] prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial."  *United States v. Thomas*, 8 F.3d 1552, 1561 (11th Cir. 1993) (citing *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir. 1987)).  "Specifically, a prosecutor's remark during closing argument must be both improper and prejudicial to a substantial right of the defendant."  *Id.* (citing *United States v. Bascaro*, 742 F.2d 1335, 1353 (11th Cir. 1984)).

Based on the record, this Court finds that the prosecution's questions to which Petitioner objects were either in response to defense counsel's prior questions to the confidential informant or were related to the agreement between the confidential informant

and the police. As such, the state court's determination that the questions would not have been sustained had counsel objected to them is not unreasonable. Moreover, the prosecution's statement during closing argument regarding the truthfulness of the confidential informant was in response to defense counsel's statement indicating that the confidential informant was not truthful. The statement was not prejudicial to a substantial right of Petitioner. Viewing the prosecution's questions and closing statement in context, the Court concludes that Petitioner has not established that trial counsel was deficient for failing to object to the questions or statements or that he was prejudiced by counsel's failure to do so. Accordingly, claim six is denied pursuant to § 2254(d).

      **F.**     **Claim Seven**

Petitioner asserts trial counsel rendered ineffective assistance by failing to file a motion to dismiss the charges based on entrapment. Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (App. D at 74-77.)

In denying relief, the state court noted that "entrapment is not a ground for dismissal but a defense to be asserted by a defendant at trial." *Id.* at 74. The state court further found that Petitioner would not have prevailed on the defense of entrapment because he could not establish that he was not predisposed to commit the offenses. *Id.* at 74-77. As such, the court concluded that Petitioner had not established that he was prejudiced by counsel's failure to raise the defense of entrapment. *Id.*

Pursuant to Florida law, there are two entrapment defenses: subjective entrapment and objective entrapment. *Jimenez v. State*, 2008 WL 4568867, *1 (Fla. 2d DCA 2008)

18

"Objective entrapment arises 'in the presence of egregious law enforcement conduct' and 'is to be evaluated under the due process provision of article I, section 9, of the Florida Constitution.'" *Id.* (quoting *Munoz v. State*, 629 So. 2d 90, 99 (Fla. 1993)).   Subjective entrapment requires the defendant to demonstrate that he was not predisposed to commit the alleged offense.  *Id.*

"The Florida Supreme Court has adopted a three-part test to determine if subjective entrapment under section 777.201(1) has occurred."  *Id.* at *2 (citing *Beattie v. State*, 636 So. 2d 744, 746 (Fla. 2d DCA 1993) (citing *Munoz*)).

> The first question is whether an agent of the government induced the accused to commit the offense charged.  On this issue, the accused has the burden of proof and must establish this factor by a preponderance of the evidence.  The second question is whether the accused was awaiting a propitious opportunity or was ready and willing, without persuasion, to commit the offense.  On the second question, the defendant initially has the burden to establish lack of predisposition.  As soon as the defendant produces evidence of no predisposition, the burden shifts to the prosecution to rebut this evidence beyond a reasonable doubt.  In rebutting the defendant's evidence of lack of predisposition, the prosecution may make "an appropriate and searching inquiry" into conduct of the accused and present evidence of the accused's prior criminal history, even though such evidence normally is inadmissible.  The third question is whether the entrapment evaluation should be submitted to a jury.

*Id.* (quoting *Beattie*, 636 So. 2d at 746.)  "If the State cannot produce evidence beyond a reasonable doubt that the defendant possessed a predisposition to commit the offense, a defendant is entitled to a dismissal of the charge."  *Id.*

In the instant case, the confidential informant testified at trial that he was friends

with Petitioner prior to the commission of the offenses at issue in this case. (App. A at 23.) The confidential informant further testified that prior to his arrest while he was in Texas and after his return to Florida, he and Petitioner discussed drugs. *Id.* The confidential informant testified that he contacted Petitioner after his arrest because he believed that Petitioner could supply him with drugs based on their previous conversations. *Id.* at 26. After contacting Petitioner, the confidential informant testified that he drove to Texas at which time Petitioner introduced him to a supplier and arranged for the sale and delivery of cocaine. The confidential informant stated that Petitioner then traveled to Orlando and later met him along with two other individuals at a storage facility where they removed approximately three kilos of cocaine from the vehicle driven by Petitioner and his co-defendants. Thus, evidence was presented that Petitioner was predisposed to commit the offenses prior to being contacted by the confidential informant and committed the offenses without inducement after being contacted by the confidential informant. The Court concludes, therefore, that the state court's determination that Petitioner was not prejudiced by counsel's failure to raise entrapment is not objectively unreasonable. Accordingly, this claim is denied pursuant to § 2254(d).

### G.     *Claims Eight, Nine, and Ten*

Petitioner asserts that the trial court lacked jurisdiction to convict him of conspiracy (claim eight). In support of this claim, Petitioner contends that the only discussion and agreement regarding the delivery of the cocaine in Florida was between himself and the confidential informant. As such, Petitioner maintains that the actions carried out in Florida

were between himself and a government actor and did not qualify as a conspiracy. Similarly, Petitioner asserts that the trial court should have acquitted him of conspiracy because the evidence was insufficient to prove that he conspired with anyone but the confidential informant, a government actor (claim nine). Finally, Petitioner alleges that his conviction for trafficking should be reversed because there was no proof that he had control over the delivery of the cocaine or over those who delivered it (claim ten).

Petitioner raised these claims on direct appeal. The appellate court *per curiam* affirmed.

Florida courts have held that "[a] conspiracy is an express or implied agreement or understanding between two or more persons to commit a criminal offense." *Sheriff v. State*, 780 So. 2d 920, 921 (Fla. 4th DCA 2001). "To prove the crime of conspiracy, the state must prove an agreement and an intention to commit an offense." *Id.* The offense of "[c]onspiracy is a separate and distinct crime from the offense that is the object of the conspiracy." *Id.* (citing *Ramirez v. State*, 371 So. 2d 1063, 1065 (Fla. 3d DCA 1979)). Under Florida law, when "one of two co-conspirators is a government agent there can be no conspiracy." *Id.* (citing *King v. State*, 104 So. 2d 730, 732 (Fla. 1957)). Moreover, pursuant to section 910.005, Florida Statutes:

> (1) A person is subject to prosecution in this state for an offense that she or he commits, while either within or outside the state, by her or his own conduct or that of another for which the person is legally accountable, if:
>
> (a) The offense is committed wholly or partly within the state; [or]

* * *

(c) The conduct outside the state constitutes a conspiracy to commit an offense within the state, and an act in furtherance of the conspiracy occurs in the state. . . .

* * *

(2) An offense is committed partly within this state if either the conduct that is an element of the offense or the result that is an element, occurs within the state. . . .

§ 910.005, Fla. Stat. (2002).

In the instant case, the confidential informant testified that he spoke with Petitioner and they made arrangements with a supplier in Texas to transport cocaine to Florida which was to be sold to the confidential informant.  Petitioner traveled to Orlando, Florida where he subsequently arrived with his two co-defendants at a storage facility to meet with the confidential informant to deliver the cocaine.  The testimony established that Petitioner arrived with his co-defendants in the vehicle which contained the drugs and he was aware that the drugs were hidden in the vehicle.  Therefore, sufficient evidence was presented that Petitioner engaged in a conspiracy to traffic cocaine with at least three individuals who were not government actors and that an act in furtherance of the conspiracy, namely the transport and delivery of the cocaine, occurred in Orlando, Florida.

Moreover, the testimony was sufficient to establish that Petitioner was a principal to the offense of trafficking cocaine as evidenced by his knowledge of the location of the drugs and his participation in the delivery of the drugs along with his.  Accordingly, the state court's determinations that the trial court had subject matter jurisdiction to convict

Petitioner of conspiracy to traffic cocaine, that the trial court did not err by not acquitting Petitioner of conspiracy, and that the evidence was sufficient to support Petitioner's conviction for trafficking cocaine are not contrary to, or an unreasonable application of, federal law nor an unreasonable determination of the facts in light of the evidence. Accordingly, claims eight, nine, and ten are denied pursuant to § 2254(d).

### H.    *Claim Eleven*

Petitioner asserts that the trial court erred in admitting transcripts of telephone conversations purportedly between himself and the confidential informant.  In support of this claim, Petitioner maintains that the transcripts were confusing and were not prepared by a sworn translator.  Respondents contend that this claim is procedurally barred from review by this Court and otherwise is purely a matter of state law and therefore not subject to habeas relief.

Petitioner raised this claim on direct appeal, and the appellate court *per curiam* affirmed.  The record reflects, however, that the issue was not raised as a matter of federal law.  *See* App. A at 54-55.

As noted previously, in order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*, 513 U.S. at 365 (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). Therefore, the petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.  *Snowden v.*

*Singletary*, 135 F.3d 732 (11th Cir. 1998).

A review of the record establishes that Petitioner did not raise the instant claim as a federal constitutional claim in the state courts.   Moreover, Petitioner has not demonstrated the applicability of either the cause and prejudice exception or the actual innocence exception to excuse the default.   Accordingly, this claim is procedurally barred from review by this Court.[6]

Accordingly, it is hereby **ORDERED** as follows:

1.      The Amended Petition for Writ of Habeas Corpus (Doc. No. 6) filed by Jose Aguilar is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.   The Clerk of the Court shall enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 5th day of December, 2008.


Copies to:
sc 12/5
Counsel of Record
Jose Aguilar

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[6]Alternatively, the Court notes that the state court's determination that the claim was without merit is neither contrary to nor an unreasonable application of federal law.